[Crim. No. 2253. Second Appellate District, Division One.—October 4, 1932.]

THE PEOPLE, Respondent, v. JAMES DANIELS, Appellant.

H. N. Dial for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CONREY, P. J.—On the twenty-second day of February, 1932, in the night-time, while John J. Logan, a police officer, was lawfully attempting to arrest the defendant, the arrest was resisted by the defendant, who in making such resistance assaulted the officer and inflicted upon him severe injuries. That the offense was committed is an undisputed fact. But the defendant contended at the trial, and now contends, that he is not the man who was being arrested, is not the man who made the attack upon the officer, and in fact was not present at the time and place of commission of the offense.

The grounds of appeal upon which defendant relies are: That the evidence is insufficient to justify or sustain his conviction; and that the court erred in its ruling admitting in evidence People's exhibit No. 5, which consisted of certain automobile tools.

Appellant's claim that the evidence is insufficient to justify the verdict is entirely without merit. Officer Logan in his testimony positively identified the defendant, and this testimony is abundantly corroborated by other evidence.

The automobile tools were not directly proved to have been tools belonging with the stolen car which other evidence tends to prove was being driven by the defendant at the time of the attempted arrest of defendant by Logan. The stolen automobile was found on the following day at Compton, near the home of defendant's brother, and the tools were found in the garage of said brother. The evidence shows that the tools were a kind commonly belonging with that kind of an automobile, but that was the extent of the identification. Although we think that the court erred in admitting in evidence the said exhibit, we are of the opinion that this error was not prejudicial to the defendant in any very appreciable degree. Even if the exhibit had been excluded it is not probable that the jury would

have arrived at any different verdict from that which was rendered. After reading the evidence we are satisfied that a true and correct verdict was returned.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 18, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 1, 1932.